**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware (State)

Case number (*If known*): ____________ Chapter 11

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Edgecast Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | Verizon Digital Media Services Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-5346704 |
| 4. | **Debtor's address** | **Principal place of business**<br>11811 North Tatum Boulevard (Number Street)<br>Suite 3031<br>Phoenix (City) AZ (State) 85028 (ZIP Code)<br>Maricopa County (County)<br><br>**Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State ZIP Code |
| 5. | **Debtor's website** (URL) | https://edg.io/ |

Debtor Edgecast Inc. Case number (*if known*)
Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5 1 6 2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor"must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District __________ When __________ Case number __________
MM / DD / YYYY
District __________ When __________ Case number __________
MM / DD / YYYY

Debtor Edgecast Inc. Case number (if known)
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☒ Yes. Debtor See Rider 1 Relationship Affiliate
  District Delaware When Date Hereof (MM / DD / YYYY)
  Case number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other ____

**Where is the property?** ____
Number Street
____
City State ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency ____
  Contact name ____
  Phone ____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor: Edgecast Inc. (Name) — Case number (if known) ______

**15. Estimated assets** (on a consolidated basis, based on unaudited financial statements as of 6/30/2024)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities** (on a consolidated basis, based on unaudited financial statements as of 6/30/2024)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/09/2024 (MM / DD / YYYY)

✘ */s/ Todd Hinders* — Signature of authorized representative of debtor

Todd Hinders — Printed name

Title: Authorized Signatory

**18. Signature of attorney**

✘ */s/ Russell C. Silberglied* — Signature of attorney for debtor

Date: 09/09/2024 (MM / DD / YYYY)

Russell C. Silberglied
Printed name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 N. King Street
Number Street

Wilmington — City; DE — State; 19801 — ZIP Code

(302) 651-7700 — Contact phone

silberglied@rlf.com — Email address

3462 — Bar number; DE — State

## <u>Rider 1</u>

### Pending Bankruptcy Cases Filed by Affiliates

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, (collectively, the "Debtors") filed or will file a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the Chapter 11 Cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Edgio, Inc.

| COMPANY |
| --- |
| Edgio, Inc. |
| Edgio International, Inc. |
| Limelight Networks VPS, Inc. |
| Mojo Merger Sub, LLC |
| Limelight Midco, Inc. |
| Limelight AcquisitionCo, Inc. |
| Edgecast Inc. |

**Fill in this information to identify the case:**

Debtor name Edgio, Inc. et al.

United States Bankruptcy Court for the: ______________________ District of Delaware (State)

Case number (If known): ______________________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | Amazon Web Services Inc<br>410 Terry Avenue<br>North Seattle, WA 98124 | Name: Arya Givehchin<br>Email: aggivehc@amazon.com<br>Phone: (206) 266-1000 | Vendor | | | | 8,667,360 |
| 2 | Verizon Sourcing LLC<br>7701 E Telecom Pkwy<br>Temple Terrace, FL 33637 | Name: Michelle Parker<br>Email: michelle.parker2@verizonwireless.com<br>Phone: (425) 213-3813 | Customer | Contingent | | | 5,885,589 |
| 3 | Amazon Services LLC<br>2121 7th Avenue<br>Seattle, WA 98121 | Name: Gaurab Upadhaya<br>Email: Gaurabu@amazon.com<br>Phone: (206) 266-1000 | Customer | Contingent | | | 5,694,893 |
| 4 | EdgeUno, Inc.<br>1200 Ponce de Leon Blvd, Unit 900<br>Miami, FL 33134 | Name: David Vargas<br>Email: david.vargas@edgeuno.com<br>Phone: (626) 231-0777 - Ext 1140 | Vendor | | | | 3,035,924 |
| 5 | Equinix, Inc<br>4252 Solutions Center<br>Chicago, IL 60677 | Name: Charles Naulty<br>Email: cnaulty@equinix.com<br>Phone: (714) 336-8832 | Vendor | | | | 2,546,920 |
| 6 | Tencent Cloud, LLC<br>661 Bryant Street<br>Palo Alto, CA 94301 | Name: Kiki Cair<br>Email: kikicai@global.tencent.com<br>Phone: (650) 798-3300 | Vendor | | | | 1,399,079 |
| 7 | Encore Technologies<br>4620 Wesley Ave<br>Cincinnati, OH 45212 | Name: Tracey Witte<br>Email: tracey.witte@encore.tech<br>Phone: (866) 990-3526 | Vendor | | | | 1,248,417 |
| 8 | Sony<br>11/f. no.18 Full Link Plz Tower A<br>Beijing, Beijing, CN | Name: Hiroyuki Matsushima<br>Email: hiroyuki.matsushima@sony.com<br>Phone: 8-133-475-7444 | Customer | Contingent | | | 1,235,250 |
| 9 | Comcast Media Center<br>13431 Collections Center Drive<br>Chicago, IL 60693 | Name: Chris Skalet<br>Email: Chris_Skalet@comcast.com<br>Phone: (215) 286-1700 | Vendor | | | | 1,077,000 |
| 10 | Deutsche Telekom North America, Inc.<br>141 West Front Street, Suite # 330<br>Red Bank, NJ 07701 | Name: Bob Scesa<br>Email: Bob.Scesa@telekom.com<br>Phone: (732) 936-4400 | Vendor | | | | 883,890 |

1 The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

2 The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 11 | Washington State Department of Revenue<br>2101 4th Ave, Suite 1400<br>Seattle, WA 98121 | Phone: (360) 705-6705 | Government Taxing Authority | Contingent, Unliquidated, Disputed | | | 864,787 |
| 12 | Endurance Assurance Corporation<br>2415 E. Camelback Road, Suite 950<br>Phoenix, AZ 85016 | Name: Josefina Rojo<br>Email: Josefina.Rojo@alliant.com<br>Phone: (312) 595-6525 | Other | Contingent, Unliquidated | | | 864,787 |
| 13 | Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210 | Name: Birnbach, Deborah S<br>Email: DBirnbach@goodwinlaw.com<br>Phone: (617) 570-1339 | Professional Services | Disputed | | | 785,101 |
| 14 | Edgenext North America Corporation<br>FKA ChinaCache North America, Inc<br>500 108th Ave NEW Suite 1100<br>Bellevue, WA 98004 | Name: Jessica Wang<br>Email: jessica.wang@edgenext.com<br>Phone: (626) 203-9954 | Vendor | | | | 757,001 |
| 15 | OpsRamp, Inc<br>2590 N First St Suite 200<br>San Jose, CA 95131 | Name: Subhash Penumatcha<br>Email: subhash.penumatcha@opsramp.com<br>Phone: (510) 386-7107 | Vendor | Disputed | | | 680,400 |
| 16 | Digital Realty Trust, LP dba Telx<br>P.O. Box 419729<br>Boston, MA 02241 | Name: Lawrence Chapman<br>Email: plawrence@digitalrealty.com<br>Phone: (857) 366-9900 | Vendor | | | | 672,446 |
| 17 | Seabras 1 USA, LLC<br>600 Cummigs Center Suite 268Z<br>Beverly, MA 01915 | Name: Sean McNeill<br>Email: sean.mcneill@seabornnetworks.com<br>Phone: (978) 471-3143 | Vendor | | | | 608,226 |
| 18 | Disney Streaming Services<br>925 4th Ave #1600,<br>SEATTLE, WA 98104, King | Name: Dave Austin<br>Email: Dave.Austin@disney.com<br>Phone: (860) 378-5124 | Customer | Contingent | | | 580,376 |
| 19 | Fandango Media, LLC.<br>600 W. California Ave.<br>Sunnyvale CA 94086 | Name: Valery Tulnikov<br>Email: valery.tulnikov@vudu.com<br>Phone: (310) 451-7690 | Customer | Contingent | | | 565,033 |
| 20 | NTT America, Inc.<br>757 Third Ave, Fl 14<br>New York, NY 10017 | Name: Santosh Kumar<br>Email: santosh.swamy@global.ntt<br>Phone: (332) 900-3896 – Ext 200113371 | Vendor | | | | 554,863 |
| 21 | Bell Canada<br>P.O. Box 11033, Succursale Centre-Ville<br>Montreal, QC, Quebec H3C 4W8 Canada | Name: Wilson Lee<br>Email: Wilson.Lee@bell.ca<br>Phone: (800) 339-6353 | Customer | Contingent | | | 525,736 |
| 22 | Microsoft Corporation<br>1950 N stemmons Fwy<br>Dallas, TX 75207 | Name: Victoria Sarmiento<br>Email: v-sarmientor@microsoft.com<br>Phone: +63 2 8860 8552 | Vendor | | | | 520,139 |
| 23 | Equinix Japan - World Trade Center Building 33F 2-4-1<br>Hamamatsu-cho Minato-ku<br>Tokyo, Japan JP 105-6133 | Name: Charles Naulty<br>Email: cnaulty@equinix.com<br>Phone: (714) 336-8832 | Vendor | | | | 514,005 |
| 24 | Arelion U.S. Inc<br>4966 Paysphere Circle<br>Chicago, IL 60674 | Name: William Fernandez<br>Email: william.fernandez@arelion.com<br>Phone: (703) 546-4047 | Vendor | | | | 506,349 |
| 25 | Computacenter Fusionstorm Inc FKA FusionStorm<br>1 University Avenue<br>Westwood, MA 02090 | Name: Rebecca E. Goolgasian<br>Email: Rebecca.Goolgasian@computacenter.com<br>Phone: (781) 384-6009 | Vendor | | | | 500,869 |
| 26 | Kingsoft Cloud Inc.<br>1370 Valley Vista Drive Ste 266<br>Diamond Bar, CA 91765 | Name: Adam Cheng<br>Email: adam.cheng@kingsoft.com<br>Phone: (305) 377-1200 | Vendor | | | | 488,073 |
| 27 | Liberty Global Technology Services B.V.<br>Boeing Avenue 53, 1119 PE<br>Schiphol-Rijk, NL 034 | Name: Paul Wilkinson<br>Email: pwilkinson@libertyglobal.com<br>Phone: (704) 887-4173 | Vendor | | | | 484,041 |
| 28 | Mattress Firm, Inc.<br>3250 Brianpark Dr Suite 125, 4th Floor<br>Houston, TX 77042 | Name: Kimberly Alexander<br>Email: kimberly.alexander@mfrm.com<br>Phone: (516) 861-7808 | Customer | Contingent | | | 435,607 |
| 29 | U.S. Bank<br>P.O. Box 70870<br>Saint Paul, MN 55170 | Name: Mary J Ambriz-Reyes<br>Email: mary.ambrizreyes@usbank.com<br>Phone: (602) 663-5742 | Secured indenture trustee (deficiency claim) | | $140,871,304 In principal amount | Unliquidated | Unliquidated |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff[2]** | **Unsecured claim** |
| 30 | Lynrock Lake LP<br>2 International Drive<br>Rye Brook, NY 10573 | Name: Cynthia Paul<br>Email: cp@lynrocklake.com<br>Phone: (914) 449-4667 | Secured credit facilities (deficiency claim) | | $94,380,544 In principal amount | Unliquidated | Unliquidated |

**OMNIBUS UNANIMOUS WRITTEN CONSENT AND RESOLUTIONS OF THE BOARDS OF DIRECTORS, BOARDS OF MANAGERS AND MEMBERS**

**September 6, 2024**

The undersigned, being all of the members of the boards of directors, all of the members of the boards of managers or all of the members (each a "Governing Body"), as applicable, of each of the entities listed on Annex A (each a "Company", and collectively, the "Companies"), acting pursuant to the applicable organizational documents of the Companies, hereby adopt the following resolutions:

**WHEREAS**, the Governing Body of each Company, along with their legal and financial advisors, has considered the liquidity, financial and operational condition, including capital resources, and sources and uses of cash, of such Company and its current lending arrangements in respect to meeting such Company's short-term liquidity needs;

**WHEREAS**, the Governing Body of each Company has reviewed the historical performance and results of such Company, the market in which such Company operates, its current, short-term and long-term future liquidity needs, its business prospects and its current and long-term liabilities;

**WHEREAS**, the Governing Body of each Company has considered and evaluated other lending arrangements and sources of liquidity in meeting such Company's short-term liquidity needs;

**WHEREAS**, the Governing Body of each Company has reviewed the materials presented by such Company's financial, legal and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, such Company's financial condition, including its capital resources and uses of cash, liabilities and liquidity position, the strategic alternatives available to it, the impact of the foregoing on such Company's business and operations and the advisability of entering into restructuring arrangements; and

**WHEREAS**, the Governing Body of each Company has determined that taking the actions set forth below are advisable and in the best interests of such Company and therefore desires to approve the following resolutions:

**Filing of Chapter 11 Case**

**BE IT RESOLVED** that the Governing Body of each Company has determined that it is desirable and in the best interests of each Company that such Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the Chapter 11 Case (as defined below) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**BE IT FURTHER RESOLVED** that Todd Hinders, Stephen Cumming, Richard Diegnan and each manager, member, officer or director of each Company on behalf of such Company (the

"Authorized Persons"), in each case, acting singly or jointly, be, and hereby is, authorized, empowered and directed to execute and file, or cause to be filed, with the Bankruptcy Court, for the Company, all petitions, schedules, lists, motions, applications, pleadings and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief or in connection with the chapter 11 case of such Company (the "Chapter 11 Case"), with a view to the successful prosecution of the Chapter 11 Case, including the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the resolutions herein and the transactions contemplated thereby;

**Approval of the Stalking Horse APA**

**BE IT FURTHER RESOLVED** that the Governing Body of each Company has determined that it is desirable and in the best interests of each Company to sell all or substantially all of the assets and certain liabilities of such Company pursuant to an asset purchase agreement in substantially the form attached hereto as Exhibit A (as it may be amended, modified or supplemented from time to time, the "Stalking Horse APA"), subject to higher or better offers and in accordance with the auction and bidding procedures to be approved by the Bankruptcy Court (the "Asset Sale");

**BE IT FURTHER RESOLVED** that the form, terms, and provisions of the Stalking Horse APA are hereby approved, the sale of all or substantially all of the assets of each Company pursuant to the terms set forth in the Stalking Horse APA is hereby authorized and approved, and the Authorized Persons of each Company, with the assistance of such Company's advisors, be, and each of them hereby is, authorized, empowered, and directed to do all things in connection with the Asset Sale, including (i) conducting a Bankruptcy Court authorized bidding and auction process, (ii) obtaining Bankruptcy Court approval of the Stalking Horse APA (or any subsequent asset purchase agreement following an auction) at a sale hearing and (iii) closing the Stalking Horse APA (or any subsequent asset purchase agreement following an auction);

**BE IT FURTHER RESOLVED** that the Authorized Person of each Company be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to cause to be prepared, to negotiate, execute, and deliver, and such Company be authorized to perform its obligations and take the actions contemplated under, the Stalking Horse APA (or any subsequent asset purchase agreement following an auction) and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the Stalking Horse APA (or any subsequent asset purchase agreement following an auction), each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons so acting, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of such Company, such approval to be evidenced conclusively by such execution;

**Debtor-in-Possession Financing**

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and any employees or agents (including counsel) designated by or directed by any such Authorized Persons, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to enter into a senior, secured, super-priority debtor in possession credit facility (the "DIP Credit Facility") by and among Lynrock Lake Master Fund LP or its affiliates, as lender, such Company and any other guarantors and other parties thereto, and any related documents or instruments, each on terms and conditions agreed to by such Company, the lender and the agent and such other terms as are customary for similar debtor-in-possession facilities and to cause such Company to grant a senior security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to cause to be prepared, to negotiate, execute, and deliver, and such Company hereby is authorized to perform its obligations and take the actions contemplated under, the DIP Credit Facility and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the DIP Credit Facility, each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of such Company, such approval to be evidenced conclusively by such execution;

**BE IT FURTHER RESOLVED** that each Company, as debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against such Company's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of such Company in the Chapter 11 Case and any of such Company's affiliates who may also, concurrently with such Company's petition, file for relief under the Bankruptcy Code;

**BE IT FURTHER RESOLVED** that each Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facility to such Company and its affiliates;

**Retention of Advisors**

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Milbank LLP as general bankruptcy counsel to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights

and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Milbank LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the firm of Richards, Layton & Finger, P.A. as local counsel to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, P.A.;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the firm of TD Securities (USA) LLC (dba TD Cowen) as financial advisor to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of TD Securities (USA) LLC (dba TD Cowen);

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the firm of Riveron Consulting LLC as business advisor to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Riveron Consulting LLC;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ Omni Agent Solutions, Inc. as claims and noticing agent to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Omni Agent Solutions, Inc.;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to retain such other professional advisors, including accountants, auditors, and local or special counsel, as may be necessary or advisable assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of such other professional advisors;

**General Authorizations**

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to prosecute the Chapter 11 Case in a manner that in their business judgment is likely to maximize the recovery for stakeholders in such Company and minimize the obligations incurred by such Company;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such person shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

**BE IT FURTHER RESOLVED** that, to the extent each Company serves as the sole member, managing member, general partner or other governing body (each a "Controlling Company") of any other company (each a "Controlled Company"), each Authorized Person of such Controlling Company, any one of whom may act without the joinder of any other Authorized

Person of such Controlling Company, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person of such Controlling Company is herein authorized to take on behalf of such Controlling Company.

*[The remainder of this page is intentionally left blank.]*

IN WITNESS WHEREOF, each of the undersigned has executed this consent as of the date first written above.

**EDGIO INTERNATIONAL, INC.**, a Delaware corporation

By: ______________________________
Name: Richard Diegnan
Title: Director, President & Secretary

By: ______________________________
Name: Shalando Smith
Title: Director, Treasurer

**EDGECAST INC.**, a California corporation

By: ______________________________
Name: Richard Diegnan
Title: Director, President & Secretary

By: ______________________________
Name: Shalando Smith
Title: Director, Treasurer

**LIMELIGHT ACQUISITIONCO, INC.**, a Delaware corporation

By: ______________________________
Name: Richard Diegnan
Title: Director, President & Secretary

By: ______________________________
Name: Eric Chang
Title: Director, Treasurer

**LIMELIGHT MIDCO, INC.**, a Delaware corporation

By: ______________________________
Name: Richard Diegnan
Title: Director, President & Secretary

By: ______________________________
Name: Eric Chang
Title: Director, Treasurer

**LIMELIGHT NETWORKS VPS, INC.**, a Delaware corporation

By: ______________________________
Name: Richard Diegnan
Title: Director, President & Secretary

By: ______________________________
Name: Eric Chang
Title: Director, Treasurer

**MOJO MERGER SUB, LLC**, a California limited liability company

By: ______________________________
Name: Richard Diegnan
Title: Authorized Signatory of Sole Member

By: ______________________________
Name: Stephen Cumming
Title: Authorized Signatory of Sole Member

**LIMELIGHT NETWORKS VPS, INC.**, a Delaware corporation

By: ______________________________
Name: Richard Diegnan
Title: Director, President & Secretary

By: ______________________________
Name: Eric Chang
Title: Director, Treasurer

**MOJO MERGER SUB, LLC**, a California limited liability company

By: ______________________________
Name: Richard Diegnan
Title: Authorized Signatory of Sole Member

DocuSigned by:
By: Stephen Cumming
C4A4F05FF995433...
Name: Stephen Cumming
Title: Authorized Signatory of Sole Member

**ANNEX A**

1. Edgio International, Inc.
2. Limelight Networks VPS, Inc.
3. Mojo Merger Sub, LLC
4. Limelight MidCo, Inc.
5. Limelight AcquisitionCo, Inc.
6. Edgecast Inc.

# **Exhibit A**

## **Stalking Horse APA**

[*To be filed separately.*]

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br>EDGIO, INC., *et al.*,[1]<br>Debtors. | Case No. 24-[•] ( )<br>Chapter 11<br>(Joint Administration Requested) |

# CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS[2]

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "Debtor") hereby state as follows:

1. The following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of Debtor Edgio, Inc.'s equity interests:

| Equity Holder | Percentage of Interests Held |
|---|---|
| College Top Holdings, Inc. and affiliates | 34.2% |

[1] The Debtors operate under the trade name Edgio and have previously used the trade names Limelight, Edgecast and Layer0. The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the last four digits of each Debtor's federal tax identification number, are: Edgio, Inc. (7033); Edgecast Inc. (6704); Edgio International, Inc. (3022); Limelight AcquisitionCo, Inc. (6138); Limelight Midco, Inc. (1120); Limelight Networks VPS, Inc. (3438); and Mojo Merger Sub, LLC (0056). The Debtors' service address for purposes of these Chapter 11 Cases is: 11811 N. Tatum Blvd., Ste. 3031, Phoenix, AZ 85028. Additional information about the Chapter 11 Cases is available at https://OmniManagementSolutions.com/Edgio/.

[2] Pursuant to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Redaction of Certain Personally Identifiable Information (II) Modifying the Requirement to File a List of Equity Security Holders and Modifying Notice Thereto, and (III) Granting Related Relief*, the Debtors have requested authority to modify the requirement of Fed. R. Bankr. P. 1007(a)(3) such that the Debtors would file a list of only known registered equity holders of Debtor Edgio, Inc. If such relief is granted by order of the Court, within 14 days of the Petition Date, the Debtors will file a notice of Debtor Edgio, Inc.'s registered equity holders as of the Petition Date.

2. The following Debtors are 100% owned by Debtor Edgio, Inc.:

| Debtor |
|---|
| Edgio International, Inc. |
| Limelight Networks VPS, Inc. |
| Mojo Merger Sub, LLC. |
| Limelight MidCo, Inc. |

3. The following Debtor is 100% owned by Debtor Limelight MidCo, Inc.:

| Debtor |
|---|
| Limelight AcquisitionCo, Inc. |

4. The following Debtor is 100% owned by Debtor Limelight AcquisitionCo, Inc.:

| Debtor |
|---|
| Edgecast Inc. |

**Fill in this information to identify the case and this filing:**

Debtor Name Edgecast Inc.

United States Bankruptcy Court for the: ______________________ District of Delaware (State)

Case number (*If known*): ______________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/09/2024
MM / DD / YYYY

✘ /s/ Todd Hinders
Signature of individual signing on behalf of debtor

Todd Hinders
Printed name

Authorized Signatory
Position or relationship to debtor